## No. 763

### First Circuit

### SUCCESSION OF DUCRE

(February 8, 1932. Opinion and Decree.)
(March 8, 1932. Rehearing Refused.)

Hiddleston Kenner, of Lacombe, attorney for plaintiff, appellant.

Harvey E. Ellis, of Covington, and P. M. Milner, of New Orleans, attorneys for defendant, appellee.

LeBLANC, J. On February 9, 1929, several parties, among them one Nicholas Ducre, alleging that they were the children and sole heirs at law of their deceased father, Drauzin Ducre, filed a petition in the district court of St. Tammany parish, asking that an inventory of the property belonging to the estate of Drauzin Ducre and his deceased wife, Rosalie Ordone, be taken, and that in time they be recognized as their heirs and placed in possession thereof.

On April 18, 1929, Nicholas Ducre, appeared in the same proceeding, represented by different counsel, and produced a last will and testament in noncupative form by private act, dated March 13, 1928, under which he was appointed testamentary executor, with full seizin and without bond, of the estate of the testator, who is said to be Drauzin Ducre. He prayed that an inventory be taken, and that letters testamentary issue to him, and that he be authorized to qualify as executor. On the same day, the said will was probated before the clerk of court of the parish of St. Tammany.

The will on its face shows special legacies aggregating the sum of $2,250.

In January, 1930, P. M. Milner, who had been party defendant in a certain proceeding brought against him by Drauzin Ducre, filed a petition in these proceedings, contending that the alleged will which had been offered for probate by Nicholas Ducre, was a forgery, and, because of his interest in the former suit, he had a right to have the proceedings thereunder conducted with the proper and legal representatives of Ducre's estate. He alleged in paragraph 10 of his petition that he had a "direct pecuniary interest of over three thousand ($3,000.00) dollars in said litigation, and an interest to set aside and annul the alleged will of said Drauzin Ducre and the appointment of Nick Ducre as executor."

On the trial of this issue, the lower court rendered judgment decreeing the alleged will to be a forgery, and setting aside the probate thereof, as well as the appointment of Nicholas Ducre as testamentary executor. Ducre then appealed to this court.

No plea to the jurisdiction or motion to dismiss the appeal has been filed, although counsel for Ducre, evidently anticipating that the question might be raised, discusses it at quite a great length in his brief. The fact that no motion or plea is presented, however, does not preclude us from considering the question of jurisdiction, as it is well established that it may be raised by the court ex proprio motu, and the appeal dismissed if it is found that we are without jurisdiction.

We take it that the only matter that is before us for consideration is that involved under record No. 672 in the district court, entitled Succession of Drauzin Ducre. Whatever were the issues or the amounts or value involved in the other two suits, docketed under other numbers and titles, we are not at present concerned with, save as a matter of evidence, or of argument in this proceeding. That being so, we have to look to the amount or value of property involved in the succession of Drauzin Ducre, for the purpose of ascertaining whether or not this court has jurisdiction. As already stated, the special legacies under the alleged will of Drauzin Ducre amount to more than $2,000, and, as also observed, Mr. Milner alleges a direct pecuniary interest of over $3,000 in certain litigation with Drauzin Ducre's estate. As a matter of fact, it is because

of that interest that he claims the right to intervene in the succession proceedings. Pretermitting any question as to his right to do so, it seems to us that by this allegation of his pecuniary interest, which is the only allegation of value whatever that we find in the record, he has gone far in fixing the appellate jurisdiction in this matter, if, indeed, the special legacies mentioned in the will itself had not already fixed it. In answer to that allegation in Milner's petition, Ducre denies that he (Milner) has any interest whatever, but that denial does not destroy the allegation of value as set out therein. If we are to rest the question of jurisdiction on the pleadings alone, it would seem then that the value or amount involved is beyond that fixed in the Constitution (Const. 1921, art. 7, sec. 29) for cases to be considered by the Court of Appeal, and we therefore have no jurisdiction.

If the pleadings show that the case is beyond the jurisdiction of our court, such jurisdiction cannot be fixed by consent. Counsel for Ducre appreciates the force of an inquiry into the question of jurisdiction, as appears from the fact that he states in his brief, that the only asset of the succession is a litigious claim, and that appellant has filed an affidavit fixing the value thereof at less than $2,000. We have searched the record for any such affidavit, but do not find it. Conceding that he has filed it, however, we do not see how it could control the jurisdiction of the Appellate Court over what is contained in the pleadings, and is nowhere therein contradicted.

It is most significant, moreover, as appears in the transcript of the minutes of the court, that, before the order of appeal was taken, counsel for appellant was "warned by Counsel for Mr. P. M. Milner that this case was returnable to the Supreme Court of the State and not to the Court of Appeal, and the appeal was taken over their protest."

We are convinced that, because of the amount involved herein, this case is beyond our jurisdiction and is properly appealable to the Supreme Court of the state.

For these reasons, it is therefore ordered, adjudged, and decreed that, in accordance with the provisions of Act No. 19 of 1912, the appeal in this case be transferred to the honorable the Supreme Court of the state of Louisiana, within sixty days from the date of the signing of this judgment.